## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 289 KILVERT, LLC, SUCCESSOR IN INTEREST TO PAUL AND BARRY MILLER PARTNERSHIP, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 1:23-CV-00530-MSM-PAS |
| SBC TOWER HOLDINGS, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Mary S. McElroy, United States District Judge.

This is an eviction action originally (and properly) filed in the Rhode Island District Court, Third Division, which the plaintiff, 289 Kilvert, LLC, seeks to remand to that Court.   (ECF No. 8.)   The defendant, SBC Tower Holdings, LLC, first attempted to remove this matter to the Rhode Island Superior Court but the Third Division District Court denied that request and set a trial date.   The defendant then removed the matter to this Court, on the grounds of diversity jurisdiction.[1]

The plaintiff is the owner and lessor of commercial property located at 289 Kilvert Street in Warwick, Rhode Island.   When the plaintiff purchased the property, the previous owner assigned to the plaintiff its right to a Cellular Property Lease ("the Lease").   The defendant is the other party to that Lease.

---

[1] The plaintiff does not challenge that the statutory requirements of diversity jurisdiction are met.   *See* 28 U.S.C. § 1332(a).

The Lease provided a choice-of-law provision that states as follows:

> Law. This Agreement shall be governed by, construed and enforced in accordance with the law of the State of Rhode Island.
> (ECF No. 8-1 ¶ 24.)

The defendant and the plaintiff's predecessor in interest also executed a "Fourth Amendment" to the Lease that included the following provision:

> 10. Governing Law. Notwithstanding anything to the contrary contained in the Lease and this Amendment, the Lease and this Amendment shall be governed by and construed in all respects in accordance with the laws of the State or Commonwealth in which the Leased Premises is situated, without regard to the conflicts of laws provisions of such State or Commonwealth.
> (ECF No. 8-2 ¶ 10.)

These provisions make clear that the parties agreed that Rhode Island law will apply to and govern the Lease. Indeed, under Rhode Island law, "parties are permitted to agree that the law of a particular jurisdiction will govern their transaction." *Webster Bank, Nat'l Ass'n v. Rosenbaum*, 268 A.3d 556, 559-60 (R.I. 2022).

The question then turns to what the law to which the parties agreed to requires as pertinent to this Motion to Remand. Rhode Island law provides that the state "district court shall have exclusive original jurisdiction of … all actions between landlords and tenants pursuant to chapter 18 of title 34…." R.I.G.L. § 8-8-3(a)(2). Chapter 18 of title 34 in turn provides in relevant part:

> If, in any case of a letting covered by this chapter, … the landlord or reversioner wishing to repossess him or herself of the lands, building, or parts of buildings let, or recover possession of the same from the tenant … shall … institute a trespass and action for possession in the district court where the premises are situated…..
> R.I.G.L. § 34-18.1-9.

These provisions make clear that Rhode Island law dictates that eviction actions such as this one are to be brought in state district court.

The defendant, citing *Forty Six Hundred LLC v. Cadence Educ.*, LLC, 15 F.4th 70, 74 (1st Cir. 2021), argues that this Court must exercise its diversity jurisdiction and cannot abstain by way of the *Burford* abstention doctrine.[2]  But this is not an issue of abstention.  This is an issue of enforcing what the parties agreed to in the Lease, and notably there is no indication that the parties in *Forty Six Hundred* agreed to state law, much less one that included the requirement that the action be filed in a particular court.  Here, because the parties agreed that Rhode Island law governed, and because Rhode Island law, § 8-8-3(a)(2), mandates the state district court as the proper court for this action, the defendant is bound by that requirement and removal to this Court was improper.

The Court therefore GRANTS the plaintiff's Motion to Remand (ECF No. 8) and REMANDS this matter to the Rhode Island District Court, Third Division, sitting in Kent County.

---

[2] "*Burford* allows a federal court to dismiss a case only if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."  *Forty Six Hundred LLC v. Cadence Educ.*, LLC, 15 F.4th 70, 75 (1st Cir. 2021).

IT IS SO ORDERED.

_____

Mary S. McElroy
United States District Judge
February 8, 2024